May it please the Court. My name is Brandon Beck, and I represent Richard Jones, the appellant here today. Your Honors, this case requires a close reading of the words the Sentencing Commission chose and a careful examination of the scope of what those words entail. And there are two reasons why this Court should reverse and remand for resentencing. First, what happened to the serial number in this case falls outside the Court-adopted definition of altered or obliterated. And second, this Court should not place the policy purpose behind the guidelines ahead of the scope of the text itself. What do you do with the First, Eighth, Ninth, and Eleventh Circuits? Your Honor, the circuit that, the only circuit that contradicts our, what we're asking for in this case is the Ninth Circuit's holding in United States v. Romero-Martinez. There, the facts of the case are admittedly indistinguishable. However, there is a serious concern about the reasoning of Romero-Martinez. There, just as here, the plate bearing the serial number was removed from the firearm itself. It's the only other case where we see that having happened. What do you do with the Ninth Circuit's Carter, U.S. v. Carter? I think United States v. Carter does not conflict with what we're asking for in this case. In fact, supports what we're asking for in this case. You say the same thing about First Circuit Serrano-Mercado? That's right, Your Honor. I think that is just entirely apart. So we have a series of cases here. Most of them deal with the so-called one obliteration rule. So you have multiple serial numbers on a firearm. If only one is obliterated, does the enhancement still apply? Those cases held yes, we concede that today. Our point is instead that there's no serial number on this firearm that was obliterated or altered at all based on the facts of this case as described on pages 111 and 113 of the record. You don't think that removal of one firearm is an alteration? It's an alteration of the firearm, certainly. But under the plain language of the enhancement, the serial number has to be altered or obliterated, not the firearm. So the serial number is the subject matter. It says and, doesn't it? It says and, so only one needs to be altered or obliterated, and we're certainly not disputing that here. Let me start with speaking a little more about— You don't think it's altered to remove it? The firearm is altered, but not the serial number. But the serial number must be on the frame or receiver, not on the slide, under the federal regulation. And so once it's taken off of the frame or receiver, it doesn't matter whether it's also there on the slide. We're only concerned with the one on the frame. Well, I think this Court should be concerned with all of them, but I take your point. If you remove the one from the frame, it would be in violation of federal regulations, and Mr. Jones would be subject to indictment under 922K, for example. It's only required even to be—it's just happenstance that it's on the slide. That's right. Because they didn't have to put it on the slide at all. I agree. So the frame is where it matters, and the frame is what was altered or obliterated. But not the serial number on the frame, and I think that's an important— It is the serial number on the altered—I mean, once it's taken away. Well, the relationship between the serial number and the frame was severed, but it's our position that when the Sentencing Commission says altered or obliterated, it's intentionally not talking about a removed serial number. It's talking about a serial number that was ground off or filed off in part. And here's where I'm getting that from. United States v. Carter before the Ninth Circuit in 2005 is kind of the case that's done the most work on this issue. This Court then, in United States v. Perez in 2009, adopted the reasoning and holding of United States v. Carter. What Carter did is it looked at the origin of this particular enhancement, and through looking at the enactment history, came to the conclusion that in all likelihood this particular guidelines enhancement derived from the statute found in 18 U.S.C. 922K. If you compare 922K in this enhancement, 922K says removed, altered, or obliterated. If, in fact, this enhancement is derived from that, then the Sentencing Commission omitted the word removed. And under general principles of statutory construction, when an entity, whether Congress or the Sentencing Commission, makes such a change, it's considered an intentional change. So the question here is why would they have done that? Do you really think they meant to remove the word remove and that that had some seminal thing and that obliterate doesn't just also encompass remove? I really do, Your Honor, and I can explain why. Because Black's Law Dictionary says removed from existence is what obliterate means. So it contains the word remove in the definition of the word obliterate. That's correct, Your Honor, and that's the same conclusion the Ninth Circuit reached. But I don't think that's how language works. And here's what I mean by that. If we're looking at the dictionary definition scope of altered or obliterated, what the Ninth Circuit did is they looked up those words in Black's Law and in Webster's and found within those definitions the word removed and reached the conclusion that certainly, then, removed fits comfortably within altered or obliterated. The problem is the way the word removed is being used in those definitions is very different from the way the word removed is operating under the facts of this case. Here, when you look at the definition of obliterated, it's talking about removed in the existential sense, to remove from existence, to render into nothingness. Here, in this case, we're talking about removed in the physical sense, to separate physically. And that has a very, very different meaning. So by analogy, it would be the difference in medical terms between an amputation and the death of the thing itself. So existential removal is different from physical removal. And you don't think that the use in the guideline of an altered or obliterated serial number lets it be one of several? I do think it does, Your Honor, but I don't think any of them in this case, even the one that was removed. So you're hanging your client's hat on removed not coming within altered or obliterated. That's correct, Your Honor. Not only that, but also the indication that when the sentencing commission, if indeed the Ninth Circuit is correct that it derived from 922K, that the sentencing commission intentionally omitted removed. Haven't we already taken a position on this in Perez? No, Your Honor. We said in that case that we agreed with the Ninth Circuit. Well, and I don't disagree with the Ninth Circuit. It was materially changed in a way that makes accurate information less accessible. That's correct. Makes accurate information less accessible. Doesn't that fit here? That part fits, but the first half doesn't. Materially changed. The serial number in this case was not materially changed. What was changed is the firearm itself and then the relationship between the serial number and the firearm. So, by example, if the court would allow me a little bit of leeway here, I have papers on the podium here. If I were to lift them from the podium, they would be removed from the podium. But nothing about what's written on the papers themselves has been altered or obliterated, only the relationship between the podium and the papers. But I do want to come back to the question, omit the word removed when it took it from 922K. The guidelines do not answer that question, so we're left to draw an inference. The government and the defense draw two different inferences. The government's inference is that the sentencing commission recognized that removed already falls within altered or obliterated, therefore omitted the word removed. The problem I have with that inference is it's injecting surplusage into the interpretation of the statute in order to expand the scope of the derivative provision, and that goes squarely against general principles of statutory construction. Let me provide a competing reason why the sentencing commission may have chosen to do so. One major difference between 922K and this particular provision is the provision here, by its own language, is a strict liability offense. So it doesn't matter if you knew about the alteration or obliteration, you're on the hook for the provision. By contrast, the statute is not strict liability. In fact, the government has to prove as an element that the defendant knew, actually knew, of the contraband nature of the firearm, altered, obliterated, removed serial number. It's possible that when the sentencing commission brought it over, when they decided to make it strict liability, they decided to omit from culpability the one characteristic that a person, by looking at the firearm, might not actually know of. In the Ninth Circuit in United States v. Carter, the court explained that it's appearances on the street that count. That's why we have the strict liability nature of the enhancement. We want when there's this downstream transaction, just like we have in this case, the person buying the firearm, if they see an altered or obliterated serial number, we want them to be discouraged from purchasing that firearm. Well, that wouldn't be true necessarily if a serial number is just removed. Why not? Because you know that you have to, by federal regulations, have that serial number there, like we discussed earlier. Here's why, Your Honor. United States v. Thigpen, out of the Eleventh Circuit cited by the government, explains that these modern firearms all have three serial numbers, but only one of which is required by federal law. So if it's missing the money one, then you know that something's wrong with it. And if you're a sophisticated gun person, you should know that. I don't think we're talking about sophisticated gun people here. We're not talking about an NRA hunter. We're talking about typically a drug dealer who's purchasing a firearm for self-protection. And you couldn't look at the firearm. I wouldn't know, for example, how firearms work if I hadn't read these cases. The record, I assume, doesn't show when this serial number was removed, vis-a-vis when your client acquired the pistol. That's correct, Your Honor. We do have some provenance of the gun here. We know it originated in Louisiana. We know it was sold. Our client purchased the firearm in the Dallas area from another man. And we don't know if it was removed then or was removed prior to the sale. I would like to comment briefly on my second point about the policy. Certainly courts have recognized the policy purpose for the guideline is to deter or discourage untraceable weaponry. I think there's another court that's gone too far on this, and it's the Seventh Circuit in United States v. Hayes, where the court held that any firearm that's less traceable certainly would trigger this enhancement. I think that goes beyond the language of the guidelines, and my support for that is United States v. Seesing out of the Ninth Circuit in 2000. There, a person actually manufactured their own silencer, which never had a serial number. The district court said, well, this is less traceable, so certainly the enhancement would apply. The Ninth Circuit correctly held, even though applying the enhancement would be consistent with the policy behind the enhancement provision here, we can't go so far. So your argument doesn't rely at all on the fact that the serial number's on the slide? That's correct, Your Honor. Because the slide could be interchangeable, so it could come from somewhere else. We don't know that they even have the same provenance. That's correct, Your Honor. There is indication in the record, because the slide was used to trace, that at the time they matched up. But our argument here is simply, what happened to the firearm here falls outside the scope of altered or obliterated. Even though the relationship between the plate bearing the serial number and the firearm has changed, even though the firearm itself was altered, what we're talking about is the serial number. And when the Sentencing Commission copied and pasted from 922K, it omitted the word removed. And we have to give meaning and value to that decision. And it's for these reasons we ask this Court to reverse and remand for resentencing. Thank you, Your Honors. Thank you. Mr. Beck, you save time for rebuttal. Yes, Your Honor. Ms. Hayworth. May it please the Court, Gail Hayworth on behalf of the United States. Now, this Court can easily affirm the district court's application of Section 2K2.1B4's enhancement for an altered or obliterated serial number based on the plain language of the guidelines, this Court's definition of altered or obliterated, and sister court authority affirming application of the enhancement under analogous facts. Now, I won't What is your specific answer to Mr. Beck's last point about the change by deleting the word removed? Do we give no meaning to that? Well, as he was going directly towards the Sentencing Commission intent, and we can see what the Sentencing Commission's intent was in the commentary to the guidelines, specifically note 8, which says that it describes the offense of possessing a firearm with a removed serial number, both in violation of 922K, which my colleague cited, and in relation to Section 5861. So the offense of possessing a firearm with a removed serial number, the commentary specifically describes as an offense involving an altered or obliterated serial number. So the Sentencing Commission specifically considered removed serial numbers to be the same as altered or obliterated serial numbers. Why did they leave out the word in? Yes. Why are we having to go to the commentary? The most reasonable interpretation of that commentary is Why did they leave it out? The commentary is just supportive, and I understand that we sometimes do consider the commentary, unlike some of us may not consider legislative history, but we do consider guideline commentary, I think. But why would they leave it out? Because it's completely encompassed when obliterated or altered. But it's not. His example about the death and the amputation and you remove the piece of paper, the paper still exists in an existential way. I mean, this is an interesting kind of philosophical argument about a gun serial number. But why isn't that true? Well, as the 9th Circuit explained when it went through several definitions for obliterated, several of them include the word removed in Webster's. But removed in this context means wiped out from existence, whereas this just means taken away from. Right. It also includes to remove from significance and the cause to disappear or remove. That's on Webster's. And here, once you remove the serial number plate from the frame, even if you could do it in such a way that the number, the physical number on the plate is kept intact, you have materially changed the serial number by destroying the very quality that makes it a serial number. In this case, the serial number that was removed was on a separate piece of metal, wasn't it? That's correct. It wasn't just scratched out. It was physically removed by separating two pieces of metal. Well, I think the frame of the gun is like a polymer kind of plastic. But, yes, it separated the metal plate, which has the serial number, from the frame. And if you look at the pictures that were submitted to the court, you can see where that frame or where that metal plate had been attached, but it's completely gone. If we are dealing with the and I won't use the Latin, but if something is excluded, then it's not included. If it would be redundant to add removed when altered or obliterated includes that, then you don't run into that problem. That's correct, Your Honor. And it also falls directly within how this court has determined the definition of altered or obliterated, which is a material change that makes accurate information less accessible and completely removing the serial number from the frame of the weapon certainly counts as a material change that makes accurate information less accessible. Even though other parts still have that number? Right. That's correct. And given that the focus of the enhancement is whether or not the action in question makes accurate information less accessible, it simply can't be the case that the commission intended to include but to exclude from the enhancement those serial numbers that are completely removed so that there's no amount of forensic analysis using a microscope or a chemical solvent is going to be able to recover that serial number. That's a practical argument. Yes, ma'am. I still don't know that you've answered that this was not obliterated in the way that we understand the word obliterated, to be wiped out, to cease to exist. Can you answer that question? Are you saying it fits under obliterated or are you saying it fits under altered? Yes, Your Honor. I think it fits under obliterated on how obliterated is defined in the ordinary meaning when we look at dictionary definitions. Right, but I haven't heard you say a dictionary definition that it would fit under. To remove in that context means to cease to exist. That's one definition. To also is to remove from significance. And if you're removing a serial number from the product that is designed to identify, that number no longer has any significance. You've completely removed it. It's just a number standing by itself. It has no value as a serial number. In fact, it's probably not even a serial number anymore. It's just a number standing by itself on a metal plate that identifies nothing. Counsel, do you have an argument that there's a depression or a groove or some sort of physical indicator on the weapon that would make a reasonable person aware that something had been removed? You were talking about the pictures a minute ago. Yes, if you look at the pictures. Was that an argument made in the district court that the weapon itself, you could tell that it had been removed from looking at it? The pictures were submitted to the district court. The argument was not made because it's irrelevant as far as the application of the enhancement is concerned. Okay. So that was not considered by the district court? No. The commentary to the guidelines as well as in Perez, this court's precedent, it is irrelevant. It does not matter if the defendant knew or even had reason to know that there was a serial number obliterated on the gun. Well, it doesn't say that the defendant must have removed it. It says possesses with an altered or obliterated serial number, not the altered or obliterated. So it takes only one, and why does it need removed? Wouldn't that be surplusage? Yes, that's correct. It doesn't say that the defendant has to do it, and the defendant doesn't even have to know about it. Counsel, I have a hypothetical. Suppose that there are two serial numbers on the frame and one is removed. Have you violated the statute? According to the guidelines, the strict language, plain language of the guidelines, you've removed a serial number from the firearm, so, yes, you would have. Even if there's still one existing on the frame where it's supposed to be? Yes, because under Carter, the Ninth Circuit decision they cite, policy does not trump language. So here language is that one serial number is removed from the frame of the weapon, and even though you can still trace under the policy, policy would not trump the language of the guidelines. I think your opposing counsel would say that the policy does not trump language argument actually cuts in their favor. Yes, but under your hypothetical, the language would cut in favor of application. And here we don't have to decide which cuts in favor, because both the plain language of the guidelines as interpreted by this Court and as applied under the very same facts by the Ninth Circuit, Ramirez, Martinez, and the policy all support the district court's application of the enhancement here. So if the Court has no further questions, we ask that you affirm. Thank you, Ms. Hayworth. Mr. Beck, rebuttal. May it please the Court. Your Honors, two points on rebuttal. A lot of references made today to the plain language of the provision. The plain language of 922K says removed, altered, or obliterated. He would certainly be subject to criminal liability under 922K. The plain language of the enhancement provision, by contrast, says only altered or obliterated. We concede the one obliteration rule. If there's three serial numbers or there's only one, only one has to be obliterated for the guideline to apply. We concede the strict liability nature of the guideline. What we don't concede is that the thing that happened to the firearm here is not described in the guideline itself. What about the commentary? In the commentary, what the Sentencing Commission says in Note 8 is if 922K applies, we don't apply this. That makes sense under our interpretation of it. If 922K applies because the serial number was altered or obliterated, it would make sense not to apply it because that would be double dipping. If 922K applies because the serial number were removed, well, the enhancement would never apply at all to begin with because the enhancement doesn't cover removed. So it doesn't inject any sense of surplusage into 922K. And I think the government's argument has to go through that path in order to reach its conclusion. And I think that's a strange way of interpreting a guideline by interpreting injecting surplusage into the statute from which it derives. We think there's a reasonable explanation for why the Sentencing Commission omitted removed. At any rate, we know they did omit removed if the Ninth Circuit in this circuit's description of the legislative history is correct. If we look at the court-adopted definition of altered or obliterated, it contains two requirements. First, materially changed, and second, in a way that makes accurate information less accessible. Both are required. We agree that this makes accurate information less accessible. But that's the policy purpose, and we cannot put that ahead of the text itself when the text doesn't support the enhancement, just like the Ninth Circuit declined to do so in United States v. Ceasing. For these reasons, Your Honor, we ask this court to reverse and remand for re-sentencing. Thank you, Your Honors. Thank you, Mr. Klinek.